# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

SHARYL YVETTE CARTER,

       Plaintiff,                  :         Case No. 3:09-cv-212

                                        District Judge Walter Herbert Rice
    -vs-                               Magistrate Judge Michael R. Merz

                                   :

COMMISSIONER OF SOCIAL
 SECURITY,

       Defendant.

## DECISION AND ORDER

Plaintiff Sharyl Yvette Carter brought this action *pro se* under 42 U.S.C. § 405(g) for review of a decision of Defendant Commissioner denying her claim for Social Security Disability benefits. The case is before the Court on her Motion for Extension of Time (Doc. No. 10) and her Motion for Transfer of Venue (Doc. No. 11).

Ms. Carter moves the Court to transfer this case to the federal court most convenient to her present residence, to wit, the court in Buffalo, New York. The record shows that when the case was filed, Ms. Carter was a resident of Montgomery County, Ohio, and thus of this judicial district. 42 U.S.C. § 405(g), which gives United States district courts jurisdiction over appeals from decisions of the Commissioner of Social Security, also requires that such appeals be filed "in the district court of the United States for the judicial district in which the plaintiff resides." Plainly, at the time the case was filed, Plaintiff resided in this judicial district.

The only power district courts have to transfer cases for the convenience of the parties is provided by 28 U.S.C. § 1404 which permits such a transfer to any other district in which it might

1

have been brought originally. Because Plaintiff resided in this judicial district and not in the Western District of New York (the district which includes Buffalo), the case could not have been brought in Buffalo in the first instance and therefore cannot be transferred there. Plaintiff's Motion to Transfer Venue is DENIED.

On October 6, 2009, the Court entered an Order to Show Cause as to why the case should not be dismissed because Plaintiff had not filed a statement of specific errors as required by this Court's General Order No. 11. In her Motion for Extension of Time (Doc. No. 10), Plaintiff explains that she did not understand her obligation to respond to the Commissioner's Answer. She has now received the General Order which requires the statement of specific errors – which is just a statement of why Plaintiff believes the Commissioner was wrong to deny her benefits. At her request, the time within which she must filed the statement is extended to and including January 8, 2010. No further extensions will be granted. The Order to Show Cause is dissolved.

October 16, 2009.

s/ **Michael R. Merz**  
United States Magistrate Judge